# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARKA RAICEVIC, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No. CV 17-05275-JEM <br><br> MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

### PROCEEDINGS

On July 18, 2017, Darka Raicevic ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on October 23, 2017. On January 26, 2018, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

# BACKGROUND

Plaintiff is a 61 year-old female who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on March 12, 2014, alleging disability beginning October 11, 2013. (AR 20.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 11, 2013, the alleged onset date. (AR 22.)

Plaintiff's claims were denied initially on August 20, 2014, and on reconsideration on August 26, 2014. (AR 20.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Sally C. Reason on May 23, 2016, in Los Angeles, California. (AR 20.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 20.) Medical expert ("ME") John R. Morse, M.D. and vocational expert ("VE") Antonio R. Reyes also appeared and testified at the hearing. (AR 20.)

The ALJ issued an unfavorable decision on July 21, 2016. (AR 20-30.) The Appeals Council denied review on June 30, 2017. (AR 1-3.)

# DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ erred in finding that Plaintiff did not have a "severe" mental impairment.
2. Whether the ALJ erred in rejecting Plaintiff's testimony regarding her subjective symptoms and functional limitations.
3. Whether the ALJ erred in failing to apply Medical-Vocational Guidelines directing a finding of "disabled."

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment

meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since October 11, 2013, the alleged onset date. (AR 22.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: status post hip replacement in July 2006; history of Guillain-Barre

syndrome; diabetes mellitus; degenerative changes of the ankles; and arthritis of the cervical and lumbar spine. (AR 22-25.) The ALJ also determined that Plaintiff's medically determinable impairment of depression did not cause more than minimal limitation in Claimant's ability to perform mental work activities and, therefore, was not severe. (AR 23.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 25.)

The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R §§ 404.1567(b) and 416.967(b) with the following limitations:

> No more than occasionally climbing ladders; no more than frequently climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; and no more than occasional exposure to heights and moving machinery.

(AR 26-30.) In determining the above RFC, the ALJ made an adverse credibility determination that Plaintiff's subjective symptom allegations were "not entirely consistent with the medical and other evidence in the record." (AR 26.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as an inventory clerk and retail sales clerk. (AR 30.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 30.)

**DISCUSSION**

**I. THE ALJ'S DETERMINATION THAT PLAINTIFF DOES NOT HAVE A SEVERE MENTAL IMPAIRMENT IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

Plaintiff Darka Raicevic's primary impairment is Guillain-Barre syndrome, which was diagnosed in October 2013. (AR 27.) She also has significant musculoskeletal impairments and diabetes. (AR 27.) Nonetheless, the ALJ found that Plaintiff could perform a reduced range of light work. (AR 26.) The ALJ also found that Plaintiff did not have a severe mental impairment. Plaintiff contends that the ALJ erred in determining that Plaintiff's depression was nonsevere. The Court disagrees.

At step two of the sequential inquiry, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments. Bowen, 482 U.S. at 140-41. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. The ALJ, however, must consider the combined effect of all the claimant's impairments on his or her ability to function, regardless of whether each alone was sufficiently severe. Id. Also, the ALJ must consider the claimant's subjective symptoms in determining severity. Id. The step two determination is a de minimis screening device to dispose of groundless claims. Bowen, 482 U.S. at 153-54. An impairment or combination of impairments can be found nonsevere only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. See SSR 85-28; Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2006); Smolen, 80 F.3d at 1290; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28).

The ALJ made extensive findings to support her determination that Plaintiff's mental impairment of depression was not severe. (AR 23-25.) Plaintiff did not initiate mental health treatment until March 2015 and also was not being prescribed psychiatric medications at that time.[1] (AR 24.) She began participating in group therapy sessions, which appeared to improve her depressive symptoms. (AR 24.) She often rated her mood as 7 or 8 out of 10. (AR 24.) In April 2015 she indicated her mood was 8/10, she participated in church activities and her mood was "under control." (AR 24.) She had weeks when her mood was 7/10 and 8/10. (AR 24.) November 2015 and March 2016 progress notes indicated she felt calmer and less depressed on medication with no side effects. (AR 24.) Impairments that can be controlled effectively with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006).

---

[1] Dr. Simonian mistakenly believed that Plaintiff was taking Zoloft at the time of his evaluation. (AR 700.) Plaintiff told her mental health provider in March 2016 that she last took Zoloft 9 years earlier for 2 years. (AR 786.) Medical records show she was not taking Zoloft in October 2014 or during her rehabilitation from Guillain-Barre syndrome from November 2013 and January 2014. (AR 711.) She also did not report taking Zoloft at her August 2014 consulting physical examination. (AR 692.)

Indeed, by August 15, 2015, Plaintiff did not appear to even need medication as she ran out of medication in June 2015 but expressed "no great urgency" about refilling her medication. (AR 24.) Thus, Plaintiff's treatment notes indicate she was not reliant on medications to function and when she did take them they improved her mood and functioning. The ALJ concluded that Plaintiff's mental symptoms are not as severe as alleged. (AR 24.) The ALJ also found that Plaintiff's periods of worse mood were due to her physical conditions rather than any underlying mental disorder. (AR 24.) Thus, substantial evidence supports the ALJ's finding that Plaintiff did not have a severe mental impairment. See Malloy v. Colvin, 664 F. App'x 638, 641 (9th Cir. 2016) (rejecting claim of severe impairment because of minimal and inconsistent treatment of psychological symptoms); Dorrell v. Colvin, 670 Fed. Appx. 480, 481 (9th Cir. 2016) (depression not medically severe because treatable and responsive to medication).

Plaintiff contends that the ALJ's nonseverity finding is contrary to the August 2014 opinion of consulting psychiatric examiner Dr. Stephen Simonian. (AR 23, 699-704.) Plaintiff told Dr. Simonian that she was depressed because of Guillain-Barre attacks. (AR 699.) Dr. Simonian diagnosed a "physical condition affecting psychological state" and ruled out organic affective disorder and depressive disorder NOS. (AR 23, 702.) He also assessed no limitations in carrying out simple instructions but moderate limitations in carrying out complex instructions, interacting with supervisors, co-workers, and the public, maintaining concentration and attention, adapting to stressors, maintaining regular work attendance, and performing work without special or additional supervision. (AR 23, 703.)

The ALJ rejected Dr. Simonian's moderate limitations for several reasons. An ALJ may disregard a physician's opinion whether or not it is contradicted, if it is not well supported or not consistent with other substantial evidence of record. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989); 20 C.F.R. § 404.1527(c)(2). First, Plaintiff had not begun mental health treatment, was not seeing a psychiatrist, and was not taking psychotropic medication at the time Dr. Simonian examined her. (AR 24-25, 700.) He did not know then that Plaintiff's mental difficulties could be managed effectively with medication as later proved true (discussed

above). The only records Dr. Simonian reviewed were limited to Plaintiff's response to a questionnaire. (AR 699.) Thus, the ALJ discounted Dr. Simonian's opinion because it appeared to be "based solely upon her subjective complaints, as she was not then receiving any mental health treatment." (AR 23.) Plaintiff argues that Dr. Simonian's opinion was based on his professional observations and his mental status exam findings, but other than a sad mood and constricted affect his findings were all normal. (AR 23, 701-02.) The ALJ's inference that Dr. Simonian's opinion was based on Plaintiff's subjective reports is a reasonable inference drawn from the record. Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008). The ALJ discounted Plaintiff's subjective symptom allegations as discussed below. A treating physician's opinion based on subjective complaints of a claimant whose credibility has been discounted can be properly disregarded. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001.)

Second, the ALJ noted that Dr. Simonian's only diagnosis was that her physical condition affected her psychological state and therefore did not provide an underlying Axis I mental disorder. (AR 23.) Thus, the ALJ treated Dr. Simonian's assessment as based on Plaintiff's physical limitations more than any underlying mental impairment. (AR 23.)

The ALJ also rejected the February 2016 medical source statement of Dr. Inna Barg, who indicated Claimant had marked to extreme limitations in regard to carrying out detailed instructions and responding appropriately to work place pressures and changes. (AR 24, 850-51.) She also assessed moderate limitations in carrying out simple instructions. (AR 850.) The ALJ rejected Dr. Barg's opinions because the findings are "simply inconsistent with Claimant's reports of feeling up to 7/8-10 and having no urgency in regard to refilling her psychotropic medication." (AR 24.) Plaintiff's own statements and actions undermined Dr. Barg's opinion. An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed abilities. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).

Thus, the ALJ found only mild mental functional limitations. (AR 24.) She found mild limitations in activities of daily living because Plaintiff's complaints revolved around physical limitations hindering her activities not underlying mental symptoms. (AR 24.) Plaintiff had only

mild limitations in social functioning as she regularly attended group therapy sessions and participated in church activities. (AR 24.) She had mild limitations in concentration, persistence, and pace as demonstrated by frequent reports of feeling up to 7-8/10 and going months without psychotropic medication. (AR 24.) There were no episodes of mental decompensation. (AR 24.)

Plaintiff's last argument is that the ALJ rendered an impermissible lay opinion in finding that Plaintiff's mental impairment of depression was not severe. This argument is meritless. The ALJ did not render a lay medical opinion or make a medical determination. She made a RFC assessment that is an administrative finding or legal opinion based on all the relevant evidence. See SSR 96-5p; 20 C.F.R. § 404.1527(e). Indeed, the ALJ is legally charged with the responsibility for assessing a claimant's RFC. See 20 C.F.R. § 404.1546(c). The ALJ may draw inferences logically flowing from the evidence. Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996). In evaluating the opinions of Dr. Simonian and Dr. Barg in light of all the evidence of record, the ALJ did not go outside the record or consider anything other than the medical and non-medical evidence of record.

Plaintiff disagrees with the ALJ's interpretation of the record, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld"). The ALJ's conclusion that Plaintiff's mental impairment is non-severe is supported by substantial evidence.

**II. THE ALJ DID NOT ERR IN DISCOUNTING PLAINTIFF'S SUBJECTIVE SYMPTOM ALLEGATIONS**

Plaintiff contends that the ALJ erred in discounting her subjective symptom allegations. The Court disagrees.

## A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 857; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

## B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 26.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and

limiting effects of her alleged symptoms are "not entirely consistent" with the medical and non-medical evidence in the record. (AR 26.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti, 533 F.3d at 1039-40. The ALJ did so.

First, the ALJ found Plaintiff's subjective symptom allegations of muscle pain, cramping, weakness, and fatigue inconsistent with the medical evidence. (AR 26.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, Plaintiff was diagnosed with Guillain-Barre syndrome in October 2013. (AR 27.) Guillain-Barre is a viral illness or infectious viral polyneuritis. (AR 41.) Plaintiff suffered respiratory compromise, polyneuropathy, and incontinence. (AR 27.) She was hospitalized for a month due to respiratory issues and numbness and weakness of the lower extremities. (AR 27.) She was placed in a rehabilitation facility from November 2013 to January 2014. (AR 27.) The testifying medical expert Dr. John Morse noted Plaintiff was unable to perform light work during the period after she was diagnosed and was incapacitated for at least six months. (AR 29.)

Dr. Morse, however, noted that Claimant's consulting examination 11 months after her diagnosis with Dr. Khossrow Hakimpour, an internist, showed Plaintiff was capable of at least light work. (AR 29, 27, 42-45, 691-696.) Dr. Morse observed that any acute issues from her Guillain-Barre disease had resolved or improved, neurological findings were negative, her respiratory status resolved, and her gait was normal. (AR 42.45.) Dr. Morse, having reviewed the entire file, assessed a reduced range of light work.[2] (AR 29, 45-46.) Thus, the ALJ found Plaintiff failed to meet the 12 month durational requirement. (AR 29.) The ALJ also made extensive findings of Plaintiff's steady improvement after August 2014. (AR 27-28.) Medication

---

[2] Dr. Hakimpour assessed a medium work RFC. (AR 27, 28, 696.) So did a State agency physician. (AR 29.) The ALJ chose to rely on Dr. Morse's light work RFC because Dr. Morse had the greater longitudinal perspective. (AR 29.)

11

and physical therapy improved her symptoms with a significant increase in activities of daily living and function. (AR 27-28.) Plaintiff fails to address the substantial medical evidence of improvement set forth by the ALJ.

At the hearing, Claimant's representative asked Dr. Morse whether his RFC for Plaintiff took into account her subjective reports in the progress notes of muscle pain, weakness, and cramping. (AR 29, 51-53.) Dr. Morse indicated that these were subjective symptoms that were not included in his RFC because he did not examine her and thus he only considered the objective evidence and neurological findings. (AR 29, 51-53.) Plaintiff contends that the ALJ improperly adopted Dr. Morse's medical opinion because he failed to consider subjective symptoms. This argument has no merit. The ALJ, not a doctor, determines a claimant's RFC. See SSR 96-5p; 20 C.F.R. § 404.1546(c); 20 C.F.R. § 404.1527(e) (ALJ's RFC is not a medical determination but an administrative finding or legal opinion reserved to the Commissioner based on all the relevant evidence, including subjective symptoms). Dr. Morse set forth the medical evidence. The ALJ determined that Plaintiff's subjective symptoms were inconsistent with that evidence. (AR 26.) There was no error.

The ALJ discounted Plaintiff's subjective symptoms for yet other reasons. A second reason is that there was a significant discrepancy in reported pain levels to her physical therapists and her pain management specialists. (AR 28.) Specifically, from September 2015 Plaintiff reported only 3 or 4/10 pain to her pain management doctors at the same time she was reporting 6 to 9 out of 10 in pain to her physical therapists. (AR 28.) Accordingly, the ALJ found that the discrepancy "suggests that her subjective reports of pain were not entirely reliable." (AR 28.) An ALJ may consider inconsistencies regarding a plaintiff's subjective symptoms and his or her other statements or conduct in evaluating credibility. Light v. Social Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997); Thomas, 278 F.3d at 958-59.

Third, the ALJ found that Plaintiff's use of a cane was not supported by medical evidence. (AR 28.) The consulting internist observed that Claimant was able to ambulate with a normal gait without the assistance of a cane. (AR 28.) Her physical therapy reports do not mention Plaintiff needed a cane for ambulation. (AR 28.) Claimant was able to go to Serbia for

five weeks and attend yoga, activities not typical for those requiring a cane. (AR 28.) An ALJ may consider daily activities inconsistent with disabling limitations in evaluating credibility. Bunnell, 947 F.2d at 345-46.

The ALJ properly considered the Third Party Function Report of Jovana Smolovic, Claimant's daughter. (AR 29.) The ALJ rejected Ms. Smolovic's report because "it is simply not consistent with the preponderance of the opinions and observations by medical doctors in this case." (AR 29.) The ALJ gave greater probative weight to Dr. Morse's opinion. (AR 29.) An ALJ can reject lay witness testimony for "germane" reasons. Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009). Inconsistency with the medical evidence is a germane reason to reject lay witness testimony. Bayliss, 427 F.3d at 1218.

Plaintiff disputes the ALJ's credibility findings, but again it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.

### III. THE ALJ'S DETERMINATION THAT PLAINTIFF DOES NOT MEET A LISTING IS SUPPORTED BY SUBSTANTIAL EVIDENCE

The ALJ, based on the testimony of VE Antonio Reyes, found that Claimant is able to perform her past relevant work as an inventory clerk (semi-skilled and performed as light) and retail sales clerk (light semi-skilled performed at medium). (AR 30.) Plaintiff contends that the ALJ's hypothetical question to the VE did not contain a limitation to unskilled work (simple repetitive tasks) as a result of her mental impairment and therefore the VE's testimony does not constitute substantial evidence. Andrews, 53 F.3d at 1044 (hypothetical questions that do not contain all of a claimant's limitations are insufficient and warrant remand). If this limitation has been included in the hypothetical, the Medical-Vocational Guidelines would direct a finding of not disabled under Rule 201.06.

Plaintiff's argument is meritless. Plaintiff is simply restating her argument with the ALJ's determination that Plaintiff's mental impairments are not severe. See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175-76 (9th Cir. 2008) ("In arguing the ALJ's hypothetical was incomplete, [the claimant] simply restates her argument that the ALJ's RFC finding did not account for all her limitations because the ALJ improperly discounted her testimony and the testimony of medical experts). The ALJ's determination that Plaintiff's mental impairment of depression was not severe and did not warrant any limitations was supported by substantial evidence. The ALJ's hypothetical question to the VE included all of Plaintiff's limitations assessed by the ALJ in the RFC as required by law. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). The ALJ was not required to include in her hypothetical to the VE limitations that she did not adopt. Thomas, 278 F.3d at 959-60; Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

There was no error in not including a limitation to unskilled work. The ALJ's finding that Plaintiff does not meet a Listing (AR 25) is supported by substantial evidence.

* * *

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: May 16, 2018            */s/ John E. McDermott*
                                                 JOHN E. MCDERMOTT
                                           UNITED STATES MAGISTRATE JUDGE